Dennis Peter Helmreich
Alfred Edward Fargione
P.O. Box 266
Lexington, GA 30648

## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| RYAN PEAKS, individually | * | 3:14-cv-46 |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. 3:14-to-05000 |
| GREENE COUNTY BOARD OF ED., | * | ~~XXXXXXXXXX~~ |
| DEAN WARE, and DELLA FOWLER | * | |
| DEFENDANTS | * | |

## COMPLAINT

The Plaintiff, Ryan Peaks, moves the Court for entry of judgement in his favor

against the Greene County Board of Education, Dean Ware, and Della Fowler, and

in support of such Complaint avers as follows:

## NATURE OF ACTION AND JURISDICTION

1.      This is a civil action under 42 U.S.C.  § 1983 seeking damages against

Defendants for committing acts, under color of law, with the intent and for the

purpose of depriving Plaintiff of rights secured under the Constitution and laws of

the United States, and for refusing or neglecting to prevent such deprivations and

denials to Plaintiff.

2.      This case arises under United States Constitution and 42 U.S.C. § 1983

and § 1988, as amended and 42 U.S.C. §12111, et. Seq. This Court has jurisdiction in

this matter pursuant to 28 U.S.C. § 1331 and §1343,. The relief sought by Plaintiff is authorized by 28 U.S.C. § 2201 and §2202, 42 U.S.C. § 1983, and Rule 57 of the Federal Rules of Civil Procedure.

3.     Plaintiff brings this action resulting from damages incurred due to his unlawful termination by the Greene County Board of Education on or about December 12, 2012. Plaintiff was wrongfully discharged from his position as a cafeteria worker for the Greene County Board of Education in violation of his rights secured under the Constitution and laws of the United States.

4.     This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in the judicial district; evidence and employment records relevant to the allegations are maintained in the judicial district; Plaintiff would be employed in this judicial district but for the unlawful actions and practices of the Defendants; and the Greene County Board of Education is present and regularly conducts affairs in the judicial district.

<u>PARTIES</u>

5.     Plaintiff Ryan Peaks is a former employee of the Greene County Board of Education. Plaintiff was employed as a cafeteria worker for a period of about four years, ending with his unlawful termination on or about December 12, 2012. Mr. Peaks is currently a resident of Greensboro, Georgia.

6.     Defendant Greene County Board of Education is a Board of Education, as set forth in Article VIII, Section V, Paragraph II of the Georgia Constitution.

7.     Defendant Dean Ware is the Chief Financial Officer for Defendant Greene County Board of Education. Defendant Ware also handles all finance operations, directs District Operations, and Human Resources. He is sued for damages in his individual capacity.

8.     Defendant Della Fowler is the School Food Services Director for Greene County Schools. Defendant Fowler was Plaintiff's immediate supervisor while he was employed as a cafeteria worker by the Greene County Board of Education. She is sued for damages in her individual capacity.

9.     At all time relevant to the matter at bar, Defendants acted under color of state law.

FACTS

10.     Plaintiff was employed with Defendant Greene County Board of Education for approximately four years as a cafeteria worker. Plaintiff's employment began on or about September 2008, and Plaintiff remained employed until he was unlawfully terminated by Defendants, in violation of his federal constitutional rights, on or about December 12, 2012.

11.     On or about September 2012, Plaintiff injured his back, performing his normal, work related duties, while employed by Defendant Greene County Board of Education.

12.     Plaintiff immediately saw a doctor for his back injury. Plaintiff's doctor notified him that he was not cleared to go back to work. Plaintiff notified his

3

supervisors of his doctor's findings and recommendations.

13.     In September 2012, Plaintiff applied for and was denied protection under the Family and Medical Leave Act of 1993, as amended.

14.     On or about December 12, 2012, Plaintiff was terminated by his employer Greene County Board of Education. Plaintiff was notified that he was terminated because his injury was not work related, and that he had been absent for too long.

15.     After Plaintiff's unlawful termination, Plaintiff completed and submitted an intake questionnaire with the United States Equal Employment Opportunity Commission, Atlanta District Office.

16.     On or about June 07, 2013, Plaintiff received a letter from the United States Equal Employment Opportunity Commission, Atlanta District Office, stating that they had received his intake questionnaire, and that information provided by Plaintiff indicates that he was subject to protection under The Americans with Disabilities Act of 1990, as amended. Plaintiff was assigned a charge number: 410-2013-03416.

17.     The United States Equal Employment Opportunity Commission, Atlanta District Office did conduct an investigation into Plaintiff's complaint and found in Plaintiff's favor.

18.     On or about August 08, 2013, a mediation was scheduled by the United States Equal Employment Opportunity Commission, Atlanta District Office. In

4

attendance were Plaintiff, and Defendants Ware and Fowler. No agreement could be reached.

19.    On or about February 19, 2014, the United States Equal Employment Opportunity Commission, Atlanta District Office dispatched via certified mail to Plaintiff a Notice of the Right to Sue. Said notice provides Plaintiff the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, as amended.

CAUSES OF ACTION

COUNT I

VIOLATION OF 42 U.S.C. § 1983

20.    The foregoing allegations are incorporated as if re-alleged herein.

21.    Defendants have deprived Plaintiff of his federal constitutional and/or statutory rights when Defendants terminated Plaintiff unlawfully, and in violation of the Americans with Disabilities Act.

22.    Defendants have acted under the color of state law when Defendants deprived Plaintiff of his federal rights, and otherwise discriminated against Plaintiff based upon Plaintiff's disability.

23.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983, Plaintiff has sustained injuries and damages, including but not limited to, lost wages, humiliation, embarrassment, and mental and emotional anguish and distress.

COUNT II

DISCRIMINATION BASED ON DISABILITY

24.     The foregoing allegations are incorporated as if re-alleged herein.

25.     Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

26.     The Americans with Disabilities Act and its implementing regulations require that reasonable accommodations be made in an attempt to allow Plaintiff to continue in his employment, unhindered.

27.     As a result of Defendants' denial to make reasonable accommodations to accommodate Plaintiff's disability, Defendants' violated the Americans with Disabilities Act by discriminating against Plaintiff.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Ryan Peaks, requests judgment against Defendants as follows:

A.     For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants.

B.     For appropriate compensatory damages in an amount no less than $23,000 to be determined at trial;

C.     For appropriate equitable relief against all Defendants as allowed by 42 U.S.C. § 1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative

6

action as is necessary to ensure that the effects of the unconstitutional and unlawful employment practices are eliminated and do not continue to affect Plaintiff's, or others', employment opportunities;

D.   For an award of reasonable attorney's fees and his costs on his behalf expended as to such Defendants pursuant to 42 U.S.C. § 1988; and,

E.   For such other and further relief to which Plaintiff may show himself justly entitled.

PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

Ryan Peaks

By _____

Dennis Peter Helmreich (GA #344380)
P.O. Box 266
Lexington, GA 30648
706.743.3410
706.743.3652 (fax)
DPH@DPHATTY.com

_____

Alfred Edward Fargione (GA #666220)
P.O. Box 266
Lexington, GA 30648
706.743.3410
706.743.3652 (fax)
AlFargione@Fargionelawllc.com

14-04-19/COMPLAINT